UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause Nos.     1:05-cr-0209-01 (B/F) |
| | ) | |
| ARTEMAS BOYD, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order entered by the Honorable Sarah Evans Barker, Judge, on March 8, 2010, designating this Magistrate Judge to conduct hearings on the Petition for Summons or Warrant for Offender Under Supervision, filed with the Court on March 8, 2010, and to submit to Judge Barker proposed Findings of Facts and Recommendation for disposition under Title 18 U.S.C. §§3401(i) and 3583(e). All proceedings in this matter were held on October 13, 2011, pursuant to Title 18 U.S.C. §3583, and Rule 32.1(a)(1) of the *Federal Rules of Criminal Procedure*.[1] Mr. Boyd appeared in person and by appointed counsel, William Marsh, the Indiana Federal Community Defender; the government appeared by Winfield Ong, Assistant United States Attorney; and Diane Asher, U. S. Parole and Probation officer, appeared and participated in the proceedings.

---

[1] All proceedings are recorded by suitable sound recording equipment unless otherwise noted. *See*, Title 18, United States Code, Section 3401(e).

The Court conducted the following procedures in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

1. That William Marsh, the Indiana Federal Community Defender, appointed counsel, was present to represent Mr. Boyd in regard to the Petition for Revocation of Supervised Release.

2. A copy of the Petition for Revocation of Supervised Release was provided to Mr. Boyd and his counsel who informed the Court that they had read and understood the specifications of each alleged violation and waived further reading thereof.

3. Mr. Boyd was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. That Mr. Boyd would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. That Mr. Boyd had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. That if the preliminary hearing resulted in a finding of probable cause that Mr. Boyd had violated the alleged condition or conditions of supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge Barker's designation on March 8, 2010.

7. Mr. Marsh stated that Artemas Boyd would stipulate there is a basis in fact to hold him on the specifications of violations of supervised release set forth as amended orally, and set forth in the Petition. Mr. Boyd waived, in writing, the preliminary examination and he was held to answer.

8. Mr. Boyd, by counsel, stipulated that he committed specification of violations numbered 1 through 3 as set forth in the Petition for Warrant or Summons for an Offender Under Supervision as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| **1** | **"The defendant shall not commit another federal, state, or local crime.** |
| **2** | **"The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon."** |
| **3** | **"The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer."** |

> On February 27, 2010, the offender was arrested by officers with the Indianapolis Metropolitan Police Department for Carrying a Handgun Without a License, felony, and the matter is pending in Marion County, Indiana, under docket number 49G20-1003-FC-015195.
>
> According to an Indianapolis Metropolitan Police report, off-duty officers observed the offender in an altercation at Cloud 9 Bar and Grill located in Indianapolis, Indiana. Those involved in the altercation were thrown out of the establishment. Shortly afterward, a gun shot was heard coming from the direction the offender was located. A law enforcement officer observed Mr. Boyd placing a handgun in the waistband of his pants. The officer instructed him to drop the weapon, put his hands up and get on the ground; however, the offender was seen throwing the weapon away from him. The offender was arrested and posted bond on February 27, 2010. To date, the offender has failed to report his arrest to the probation officer.

The Court placed Mr. Boyd under oath and directly inquired of Mr. Boyd whether he admitted violations of the specifications of his supervised release set forth above. Mr. Boyd stated

that he admitted the above violations of his supervised release as set forth above. The Court now finds there is a basis in fact for his admissions and accepts same.

Counsel for the parties further stipulated to the following:

1) Mr. Boyd has a relevant criminal history category of III, U.S.S.G. §7B1.4(a).

2) The most serious grade of violation committed by Mr. Boyd constitutes a Grade B violation, pursuant to U.S.S.G. §7B1.1(b).

3) Pursuant to U.S.S.G. §7B1.4(a) upon revocation of supervised release, the range of imprisonment applicable to Mr. Boyd is 8-14 months.

4) The parties agree that the appropriate disposition for Mr. Boyd's violation of the conditions of supervised release is:

a. The defendant be sentenced to a period of confinement of one year and one day to the custody of the Attorney General or his designee, to be served consecutively with his Marion County, Indiana sentence.

b. It is recommended that the defendant be confined to a federal correctional facility nearest to Indianapolis, Indiana.

c. Upon conclusion of his confinement, defendant will be subject to a term of 12 months supervised release, under the same conditions imposed at sentencing.

d. As an additional condition of his supervised release, upon conclusion of his confinement, defendant will participate in an appropriate anger treatment and/or counseling program, as directed by the United States Parole and Probation officer.

e. Also, defendant will be subject to the search of his person and residence while on supervised release.

The Magistrate Judge informed the defendant and the parties' respective counsel that he would accept the parties' stipulations.

The Court having heard the evidence and/or arguments of the defendant and his counsel, and the government, now finds that Mr. Boyd violated the specified conditions of supervised release as set forth above in the Petition to Revoke his supervised release.

Mr. Boyd's supervised release is therefore **REVOKED** and he is sentenced to the custody of the Attorney General or his designee for a period of one year and one day. The Court recommends to the Bureau of Prisons that Mr. Boyd be designated for confinement to a federal correctional institution nearest to Indianapolis, Indiana. Upon the conclusion of his confinement, defendant will be subject to 12 months of supervised release, under the terms and conditions of supervised release imposed at sentencing. As an additional condition of his supervised release, at the conclusion of his confinement, defendant will participate in an appropriate anger management treatment and/or counseling program, as directed by the United States Parole and Probation officer. Also, defendant will be subject to the search of his person and residence while on supervised release.

The Magistrate Judge requests that Diane Asher, U. S. Parole and Probation Officer, prepare for submission to the Honorable Sarah Evans Barker, District Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

Counsel for the parties and Mr. Boyd stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana.*

Counsel for the parties and Mr. Boyd entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

WHEREFORE, the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above recommendation revoking Mr. Boyd's supervised release as delineated above.

IT IS SO RECOMMENDED this 18th day of October, 2011.

Kennard P. Foster, Magistrate Judge
United States District Court

Distribution:

Winfield Ong,
Assistant U. S. Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204

William Marsh,
Office of Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis,   IN 46204

U. S. Parole and Probation

U. S. Marshal